**Fill in this information to identify the case**

United States Bankruptcy Court for the:

_____ District of   Delaware
                    (State)

Case number (*If known*): _____   Chapter   11

☐  Check if this is
an  amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | GulfMark Offshore, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | |
| | Include any assumed names,  trade names, and *doing business  as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 76-0526032 |

**4. Debtor's address**

**Principal place of business**

| 842 | West Sam Houston Parkway North |
|---|---|
| Number | Street |

Suite 400

| Houston | Texas | 77024 |
|---|---|---|
| City | State | ZIP Code |

Harris
County

**Mailing address, if different from principal place  of business**

| | |
|---|---|
| Number | Street |

P.O. Box

| | | |
|---|---|---|
| City | State | ZIP Code |

**Location of principal assets, if different from principal place of business**

| | |
|---|---|
| Number | Street |

| | | |
|---|---|---|
| City | State | ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.gulfmark.com |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒  Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐  Partnership (excluding LLP) |
| | | ☐  Other.  Specify: |

Debtor  GulfMark Offshore, Inc.
Name

Case number (if known)

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above  **Offshore Marine Support and Transportation Services**

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**4831**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement  of operations, cash-flow statement, and federal income tax return or if all of these   documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the  Securities and Exchange Commission according to § 13 or 15(d) of the Securities  Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing  for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule  12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes   District _____   When _____   Case number _____
                                                      MM/ DD/ YYYY

                District _____   When _____   Case number _____
                                                      MM / DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1 attach a separate list.

☒ No
☐ Yes   Debtor _____   Relationship _____

                District _____   When _____

                Case number, if known _____   MM / DD/ YYYY

Debtor    GulfMark Offshore, Inc.
_____    _____
Name    Case number (if known)

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number        Street

_____
City            State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

| | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49             ☐ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99            ☐ 5,001-10,000       ☐ 50,001-100,000
☐ 100-199          ☐ 10,001-25,000      ☐ More than 100,000
☒ 200-999

**15. Estimated assets**

☐ $0-$50,000              ☐ $1,000,001-$10 million        ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☒ $100,000,001-$500 million     ☐ More than $50 billion

**16. Estimated liabilities**

☐ $0-$50,000              ☐ $1,000,001-$10 million        ☒ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million     ☐ More than $50 billion

Debtor  GulfMark Offshore, Inc.
Name

Case number (if known)

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING** — Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■  The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■  I have been authorized to file this petition on behalf of the debtor.

■  I have examined the information in this petition and have a reasonable belief that the information is true and  correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/17/2017
             MM / DD / YYYY

✗  /s/ Quintin V. Kneen                          Quintin V. Kneen
   Signature of authorized representative of debtor    Printed name

   President and Chief Executive Officer
   Title

**18. Signature of attorney**

✗  /s/ Mark D. Collins
   Signature  of attorney for  debtor

   Mark D. Collins                               Gary T. Holtzer
   Printed Name

   Richards, Layton & Finger, P.A.              Weil, Gotshal & Manges LLP
   Firm Name

   One Rodney Square, 920 North King Street     767 Fifth Avenue
   Number        Street

   Wilmington, DE  19801                        New York, NY  10153
   City/State/Zip

   (302) 651-7700                               (212) 310-8000
   Contact phone                                Contact phone

   collins@rlf.com                              gary.holtzer@weil.com
   Email Address

   2981                    Delaware
   Bar number      State

   05/17/2017
   Date

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

---------------------------------------------------------------- x

*In re:*                                    :        **Chapter 11**
                                            :
**GULFMARK OFFSHORE, INC.**                 :        **Case No. 17–** _____ **(     )**
                                            :
              **Debtor.**[1]                :
--------------------------------------------------------- x

    1.  If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is <u>1-33607</u>.

    2.  The following financial data is the latest available information and refers to the debtor's condition on <u>March 31, 2017</u>.

    a.  Total assets                                      approx. $1,076,571,000
    b.  Total debts (including debts listed in 2.c., below)      approx. $737,131,000
    c.  Debt securities held by more than 500 holders

Approximate number of holders:

| secured | ☐ | unsecured | ☑ | subordinated | ☐ | $ <u>429,640,000</u>[2] | <u>unknown</u> |
|---------|---|-----------|---|--------------|---|--------------------------|----------------|
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ _____ | _____ |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ _____ | _____ |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ _____ | _____ |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ _____ | _____ |

    d.  Number of shares of preferred stock:              <u>2,000,000 Authorized; 0 Issued</u>

    e.  Number of shares common stock              <u>Two classes of common stock: Class A and Class B.  60 million shares are authorized for each class.  As of May 9, 2017, there are 27,149,480 outstanding Class A shares and no outstanding Class B shares.</u>

Comments, if any:

    3.  Brief description of debtor's business:  Offshore marine support and transportation services

    4.  List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: As of May 15, 2017: Raging Capital Management LLC (18.83%) and FMR LLC (11.96%).

---

[1] The last four digits of the Debtor's federal tax identification number are 6032.  The Debtor's principal mailing address is 842 West Sam Houston Parkway North, Suite 400, Houston, Texas 77024.

[2] This figure includes the principal amount only.

**GULFMARK OFFSHORE, INC.**

**SECRETARY'S CERTIFICATE**

The undersigned, Cindy M. Muller, Secretary of GulfMark Offshore, Inc., a Delaware corporation (the "Company"), hereby certifies on behalf of the Company as follows:

1.  The resolutions attached as Exhibit A were duly adopted by the Board of Directors of the Company on 16th May 2017;

2.  Said resolutions have not been amended or revoked and remain in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned has executed this Secretary's Certificate as of the 16th day of May 2017.

_____
Cindy M. Muller
Secretary of GulfMark Offshore, Inc.

**Exhibit A**

**RESOLUTIONS OF THE BOARD OF DIRECTORS OF
<u>GULFMARK OFFSHORE, INC.</u>**

Effective as of this 16th day of May, 2017, pursuant to a special meeting on the same date, a unanimous vote of the members of the board of directors (the "**Board of Directors**") of GulfMark Offshore, Inc. (the "**Company**"), a Delaware corporation, upon a motion duly made and seconded and acting pursuant to the Company's organizational documents, took the following actions and adopted the following resolutions.

**WHEREAS**, the Board of Directors has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses;

**WHEREAS**, the Board of Directors has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Board of Directors desires to approve the following resolutions.

**I.**    <u>**Commencement of Chapter 11 Case**</u>

**BE IT RESOLVED**, that the Board of Directors has determined, after consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that any officer of the Company, including, without limitation, Jay Mitchell, Cindy Muller, and Quintin Kneen (each, an "**Authorized Officer**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of the Company a Chapter 11 Plan of Reorganization and related Disclosure Statement consistent with the Plan Term Sheet previously approved by the Board of Directors and as outlined at this meeting, and all petitions, schedules, motions, lists, applications, pleadings, and other papers in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case (the "**Chapter 11 Case**"), including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of the Chapter 11 Case; and be it further

**II.**    <u>**Debtor-in-Possession Financing**</u>

2

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interest of the Company to engage in, and the Company will obtain benefits from, the lending transactions, including that certain superpriority secured debtor-in-possession credit facility in an aggregate principal amount of up to $35 million to be evidenced by that certain Senior Secured Super-Priority Debtor In Possession Credit Agreement, to be entered into by and among GulfMark Offshore, Inc., as borrower, GulfMark Rederi, AS ("**Rederi**"), as Lender, and  DNB Bank ASA ("**DNB**"), as Issuing Bank (collectively, with the Exhibits and Schedules annexed thereto, the "**DIP Credit Agreement**") (capitalized terms used in this section with respect to debtor-in-possession financing and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement), subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion and attainment of the business of the Company (the "**Debtor-in-Possession Financing**"); and be it further

**RESOLVED**, that the form, terms and provisions of each of (i) the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Case, substantially in the form presented to the Board of Directors, (ii) the other Loan Documents, and (iii) any and all of the other agreements, including, without limitation, any guarantee and security agreement, any account control agreement, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing (together with the DIP Credit Agreement, collectively, the "**DIP Financing Documents**") and the Company's performance of its obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions and performance of, and to prepare, execute and deliver the DIP Credit Agreement and any other DIP Financing Documents, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by any Secured Party or required by the DIP Credit Agreement and any other DIP Financing Documents; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP Financing Documents to secure all of the obligations and liabilities of the Company thereunder to the Lender and Issuing Bank, and to authorize, execute, verify, file and/or deliver to the Lender and Issuing Bank, on behalf of the Company, all agreements, documents and instruments required by the Lender or Issuing Bank in connection with the foregoing; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Officer's judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Credit Agreement or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments,

supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement and/or any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

## III.    Second Amended and Restated Multi-Currency Credit Facility

**RESOLVED**, that in order to obtain the funding for the DIP Credit Agreement, it is in the best interest of the Company to guarantee all obligations of Rederi under, and the Company will obtain benefits from the execution of the transactions contemplated by, that certain Second Amended and Restated Multi-Currency Credit Facility Agreement, to be entered into by and among Rederi, as borrower, the banks and financial institutions party thereto from time to time as lenders, DNB, as arranger, and DNB, as agent (collectively, with the Schedules annexed thereto, the "**A&R Facility Agreement**") (capitalized terms used in this section and not otherwise defined herein shall have the meanings ascribed to such terms in the A&R Facility Agreement), pursuant to which the Lenders have agreed to make available to the Borrower a loan facility in an aggregate amount of up to approximately $80 million for the purpose of, among other things, (i) financing the fees, expenses and costs of the Company in respect of the Chapter 11 Case and the fees and expenses of the Debtor-in-Possession Financing and (ii) funding working capital and general corporate purposes of the UK Parent and its Subsidiaries; and be it further

**RESOLVED**, that it is in the best interest of the Company to enter into, and guarantee the specified obligations enumerated in, that certain Amended and Restated Parent Guarantee, by and among the Company and DNB (the "**Parent Guarantee**"), to be delivered pursuant to the A&R Facility Agreement; and be it further

**RESOLVED**, that the form, terms and provisions of each of (i) the A&R Facility Agreement, substantially in the form presented to the Board of Directors, (ii) the Parent Guarantee, (iii) the other Finance Documents, and (iv) any and all of the other agreements, including, without limitation, any guarantee and security agreement, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the A&R Facility Agreement (such other agreements, together with the A&R Facility Agreement, the Finance Documents and the Parent Guarantee, collectively, the "**A&R Facility Documents**") and the Company's performance of its obligations thereunder, including the guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the Parent Guarantee and any other Finance Document to which the Company is a party, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by any Finance Party or required by the A&R Facility Agreement and any other Finance Documents; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the A&R Facility Documents, which shall, in such Authorized Officer's judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the A&R Facility Documents and

the transactions contemplated therein and thereby and to carry out fully the intent of the foregoing resolutions; and be it further

       **RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the A&R Facility Agreement and/or any of the other A&R Facility Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

## IV.   **Retention of Advisors**

       **RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, NY 10153, is hereby retained as attorneys for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

       **RESOLVED**, that the law firm of Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, is hereby retained as attorneys for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

       **RESOLVED**, that the law firm of Blank Rome LLP, located at 1825 Eye Street, Washington, DC 20006, is hereby retained as corporate counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

       **RESOLVED**, that the firm of Alvarez & Marsal North America, LLC, located at 600 Madison Ave, 8th Floor, New York, NY 10022, is hereby retained as financial advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

       **RESOLVED**, that the firm of Evercore Group L.L.C., located at 55 East 52nd Street, New York, NY 10055, is hereby retained as investment banker for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

       **RESOLVED**, that firm of Ernst & Young LLP, located at 5 Times Square, New York, NY 10036, is hereby retained as restructuring consultant and to provide tax and valuation services and as service provider for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

       **RESOLVED**, that firm of KPMG US LLP, located at 811 Main St Suite 4500, Houston, TX 77002, is hereby retained as auditor and tax consultant for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

       **RESOLVED**, that the firm of Prime Clerk LLC, located at 830 Third Avenue, 9th Floor, New York, NY 10022, is hereby retained as claims, noticing and solicitation agent for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

## IV.   **General Authorization and Ratification**

       **RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities,

certificates, or other documents, and to take such other actions that in the judgment of the Authorized Officer shall be or become necessary, proper, or desirable in connection with the Chapter 11 Case; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer or the directors of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

**Fill in this information to identify the case:**

Debtor name: __GulfMark Offshore, Inc.__

United States Bankruptcy Court  for the:  District of __Delaware__
(State)

Case number (*If known*): _____

☐ Check if this is an
amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S Bank National Association as Indenture Trustee | U.S. Bank Global Corporate Trust Services 225 Asylum Street 23rd Floor Hartford, CT 06103 United States Attn: Susan C. Chadbourne Vice President & Account Manager<br><br>Phone: +1 860-241-6815 Fax:    +1 860-241-6897 Email: susan.chadbourne@usbank.com | 6.375% Senior Notes Due 2022 | Unliquidated | $- | $- | $429,640,000 (principal only) |
| 2 | The Royal Bank of Scotland PLC | Syndicated Loans Agency Corporate & Institutional Banking 250 Bishopsgate London EC2P 4AP United Kingdom Attn: Nicie Watkins<br><br>Phone:  +44 (0) 20 7678 8000 Fax:    +44 (0) 1224 289 368 Email: RBSAgencyOperations@rbs.com | Contingent Guarantee | Contingent Unliquidated | $- | $- | Undetermined |
| 3 | DNB Bank ASA | Shipping Offshore & Logistics, Bergen Lars Hilles Gate 30 5-5020 Bergen Norway Attn: Thomas Nordahl, Senior Vice President<br><br>Phone: +47 91 50 48 00 Fax:    +47 55 21 19 24 | Contingent Guarantee | Contingent Unliquidated | $- | $- | Undetermined |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 4 | Willis of New York | 200 Liberty Street<br>7th Floor<br>New York, NY 10281<br>United States<br>Attn: Louise Pennington, Chief Executive Officer<br><br>Phone: +1 (212) 915-8071<br>Fax:    +1 (315) 449-0812 | Trade Claim | | $- | $- | $581,578 |
| 5 | Briannell Duncan | c/o Marcus R. Spagnoletti<br>401 Louisiana Street<br>8th Floor<br>Houston, TX 77002<br>United States<br><br>Phone: +1 (713) 653-5600<br>Fax:    +1 (713) 653-5656 | Pending Legal Settlement | | $- | $- | Undetermine |
| 6 | Kortney King | c/o Huberslack Thomas & Marcelle<br>1100 Poydras Street<br>Suite 1405<br>New Orleans, LA 70163<br>United States<br>Attn: J. Christopher Zainey, Jr., Attorney<br>Phone: +1 504-274-2500<br>Fax:    +1 504-910-0838<br>Email: chris@huberslack.com | Pending Legal Settlement | | $- | $- | Undetermined |
| 7 | David Rosenwasser | 100 Hibury Dr.<br>Houston, TX 77024<br>United States | Severance | Contingent | $- | $- | $180,000 |
| 8 | Don Knight | c/o Jim S. Hall & Associates<br>800 N. Causeway Blvd<br>Suite 100<br>Metairie, LA 70001<br>United States<br>Attn: Jim S. Hall, Partner<br><br>Phone: +1 (504) 832-3000<br>Fax:    +1 (504) 832-1799<br>Email: info@jimshall.com | Legal | Unliquidated Disputed | $- | $- | Undetermined |
| 9 | Wong and Partners | Level 21, The Gardens South Tower<br>Mid Valley City<br>Lingkaran Syed Putra<br>Kuala Lumpur, 59200<br>Malaysia<br>Attn: Adeline Wong, Partner<br><br>Phone: (60) 3 2298 7888<br>Fax:    (60) 3 2282 2669<br>Email: adeline.wong@wongpartners.com | Trade Claim | | $- | $- | $13,759 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 10  Berkley National Insurance Company | A Berkley Company A Stock Company 1250 East Diehl Road Suite 200 Naperville, IL 60563-9305 United States Attn: W. Robert Berkley, Jr., CEO and President  Phone:+1 800-343-0592 Fax:    +1 630-210-0377 Email: hr@berkleyprogramspecialists.com | Insurance | | $- | $- | $11,163 |
| 11  Tri-State Insurance Company of Minnesota | A Berkley Company A Stock Company 1250 East Diehl Road Suite 200 Naperville, IL 60563-9305 United States Attn: Bradley Scott Kuster, President  Phone: +1 (515) 473-3000 Fax:    +1 (866) 333-0298 Email: hr@berkleyprogramspecialists.com | Insurance | | $- | $- | $6,459 |
| 12  Adams and Reese LLP | Fifth Third Center 424 Church Street Suite 2700 Nashville, TN  37219 United States Attn: Guilford F. Thornton Jr., Managing Partner  Phone:+1 615-259-1492 Fax:    +1 615-259-1470 Email: gif.thornton@arlaw.com | Trade Claim | | $- | $- | $4,063 |
| 13  Michael Sellars & Associates | 6610 Bailey Road Pearland, TX 77584 United States Attn: Michael Sellars, President  Phone: +1 281-489-6489 Fax:    +1 281-489-6633 Email: mks@msellarspi.com | Trade Claim | | $- | $- | $2,988 |
| 14  Research Data Group Inc. | 3450 3rd St. #3-F San Francisco, CA 94124 United States Attn: Tom Elliott, President  Phone: +1 415-643-6021 Fax:    +1 415-643-6001 | Trade Claim | | $- | $- | $50 |

**Fill in this information to identify the case:**

Debtor name: GulfMark Offshore, Inc.

United States Bankruptcy Court for the: District of  Delaware
(State)

Case number (*If known*): 

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors                    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐  Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐  Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐  Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐  Schedule H: Codebtors (Official Form 206H)

☐  Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐  Amended Schedule _____

☑  Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☐  Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/17/2017
          MM / DD / YYYY

x  /s/ Quintin V. Kneen
   Signature of individual signing on behalf of debtor

   Quintin V. Kneen
   Printed name

   President and Chief Executive Officer
   Position or relationship to debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------- x
*In re:*                                      :      **Chapter 11**
                                              :
**GULFMARK OFFSHORE, INC.,**                  :      **Case No. 17– _____ (     )**
                                              :
          **Debtor.**[1]                      :
---------------------------------------------------------- x

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1 and Rule 1007–1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests of GulfMark Offshore, Inc. ("**GulfMark Parent**") and its affiliated non-debtor entities.   GulfMark Parent respectfully represents as follows:

- GulfMark Parent's equity securities are publicly held.  As of May 15, 2017, Raging Capital Management LLC owned 18.83% of the outstanding common units of GulfMark and FMR LLC indirectly owned 11.96% of the outstanding common units of GulfMark.  No other entity directly or indirectly owned 10% or more of the issued and outstanding common units of GulfMark as of May 15, 2017.

---

[1] The last four digits of the Debtor's federal tax identification number are 6032.  The Debtor's principal mailing address is 842 West Sam Houston Parkway North, Suite 400, Houston, Texas 77024.

## Exhibit A

**Organizational Chart**



**Legend**

Debtor Entity

**Legal Structure Chart\***
**GulfMark Offshore, Inc. & Affiliates**

GulfMark Offshore, Inc.
Delaware

GulfMark Management, Inc. — Delaware

GOMI Holdings Inc. — Delaware

GulfMark Capital, LLC — Delaware

GulfMark Foreign Investment LLC — Delaware

GM Offshore, Inc. — Delaware

GulfMark Americas, Inc. — Delaware

GulfMark Thailand, LLC — Delaware

GulfMark Oceans, LP — Cayman Islands

GulfMark Servicos de Mexico S. de R.L. de C.V. — Mexico

GulfMark de Mexico, S. de R.L. de C.V. — Mexico

GulfMark Maritime, S. de R.L. de C.V. — Mexico

GulfMark Marine Trinidad Limited — Trinidad & Tobago

GulfMark Shipping, LLC — Delaware

GulfMark Guernsey International Ltd. — Guernsey

GulfMark North Sea Ltd. — UK

GulfMark Guernsey, Ltd. — Guernsey

GulfMark Resources, LLC — Delaware

Gulf Offshore Marine International B.V. — Netherlands

Gulf Offshore Marine International, S. de R.L. — Panama

GulfMark Malaysia Inc. — Labuan

GulfMark UK Ltd. — UK

GulfMark Personnel UK Ltd. — UK

GulfMark Servicos Maritimos do Brasil Ltda. — Brazil

Chalvoyage (M) Sdn Bhd — Malaysia

GulfMark Asia Pte. Ltd. — Singapore

Semaring Logistics (M) Sdn Bhd — Malaysia

GulfMark Norge AS — Norway

Gulf Channel Offshore Servicos, LDA — Angola

GulfMark Malta Limited — Malta

GulfMark Malaysia Sdn Bhd — Malaysia

GulfMark UK International Ltd. — UK

GulfMark AS — Norway

GulfMark Rederi AS — Norway

<div style="border:1px solid black">

**Fill in this information to identify the case:**

Debtor name:  <u>GulfMark Offshore, Inc.</u>

United States Bankruptcy Court  for the:  District of <u>Delaware</u>
<div style="text-align:right">(State)</div>

Case number (*If known*):  _____

</div>

<u>Official Form 202</u>

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule ____
- ☐ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☑ Other document that requires a declaration: <u>Corporate Ownership Statement</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  <u>05/17/2017</u>
<div>MM / DD / YYYY</div>

× <u>/s/ Quintin V. Kneen</u>
Signature of individual signing on behalf of debtor

<u>Quintin V. Kneen</u>
Printed name

<u>President and Chief Executive Officer</u>
Position or relationship to debtor