UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

```
----------------------------------------------------------- x
In re:                                     :      Chapter 11
                                           :
GULFMARK OFFSHORE, INC.,                   :      Case No. 17–11125 (KG)
                                           :
                   Debtor.¹                :      Re: Docket No. 77
----------------------------------------------------------- x
```

**ORDER (I) APPROVING DISCLOSURE STATEMENT AND
FORM AND MANNER OF NOTICE OF DISCLOSURE STATEMENT
HEARING, (II) ESTABLISHING SOLICITATION AND VOTING
PROCEDURES, (III) SCHEDULING CONFIRMATION HEARING,
AND (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR
CONFIRMATION OF THE PROPOSED PLAN PURSUANT TO SECTIONS 105, 502,
1125, 1126, AND 1128 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES
2002, 3003, 3017, 3018, 3020, AND 9006 AND LOCAL RULES 2002-1, 3017-1, AND 9006-1**

Upon the motion, dated May 24, 2017 (the "**Motion**"),² of GulfMark Offshore,

Inc., as debtor and debtor in possession (the "**Debtor**"), for (a) approval of the form and manner

of notice and hearing to consider the Proposed Disclosure Statement for the proposed Chapter 11

Plan of GulfMark Offshore, Inc. (Docket No. 49), as amended on June 25, 2017 (Docket No.

166) (as may be amended, the "**Disclosure Statement**"), (b) approval of the Disclosure

Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code,

(c) scheduling a hearing (the "**Confirmation Hearing**") to consider confirmation of the

proposed *Chapter 11 Plan of GulfMark Offshore, Inc.* (Docket No. 48), as amended on June 23,

2017 (Docket No. 165) (as may be amended, the "**Proposed Plan**"), (d) approval of the

solicitation procedures for the Proposed Plan, and (e) approval of confirmation procedures for

the Proposed Plan pursuant to sections 105, 502, 1125, 1126, and 1128 of title 11 of the

---

¹ The last four digits of the Debtor's federal tax identification number are 6032.  The Debtor's principal mailing address is 842 West Sam Houston Parkway North, Suite 400, Houston, Texas 77024.

² All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Bankruptcy Code, Rules 2002, 3003, 3017, 3018, 3020, and 9006 of the Bankruptcy Rules and

Rules 2002-1, 3017-1, and 9006-1 of the Local Rules, all as more fully set forth in the Motion;

and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant

to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United

States District Court for the District of Delaware dated February 29, 2012; and consideration of

the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided to the parties listed therein, and it appearing

that no other or further notice need be provided; and the Court having reviewed the Motion; and

the Court having held a hearing on the Motion; and all objections to the Motion having been

withdrawn, resolved or overruled; and the Court having determined that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein; and it appearing

that the relief requested in the Motion is in the best interests of the Debtor and its estate and

creditors; and upon all of the proceedings had before the Court and after due deliberation and

sufficient cause appearing therefor,

## IT IS FOUND AND DETERMINED THAT

### Notice of the Disclosure Statement Hearing and Disclosure Statement Objection Deadline

A.     The procedures proposed in the Motion providing notice to all parties of

the time, date, and place of the hearing to consider approval of the Disclosure Statement (the

"**Disclosure Statement Hearing**") and the deadline for filing objections to the Disclosure

Statement, provide due, proper, and adequate notice, comport with due process and comply with

Bankruptcy Rules 2002 and 3017 and Local Rules 2002-1, 3017-1, and 9006-1.  No further

notice is required.

2

**The Disclosure Statement**

B.      The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.  No further information is necessary.

**Balloting and Voting Procedures**

C.      The procedures set forth in the Motion for the solicitation and tabulation of votes to accept or reject the Proposed Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

**Ballots**

D.      The ballots, substantially in the forms annexed hereto as **Exhibit 2-1** and **Exhibit 2-2** (collectively, the "**Ballots**"), including all voting instructions provided therein, are consistent with Official Bankruptcy Form No. B 314, address the particular needs of this chapter 11 case, and provide adequate information and instructions for each individual entitled to vote to accept or reject the Proposed Plan.  No further information or instructions are necessary.

**Parties Entitled to Vote**

E.      Pursuant to the Proposed Plan, holders of Claims in Class 5 (Unsecured Notes Claims) are impaired and are entitled to receive distributions under the Proposed Plan. Accordingly, holders of Allowed Claims in such class are entitled to vote on account of such Claims.

**Parties Not Entitled to Vote**

F.      Pursuant to the Proposed Plan, holders of Claims in Class 1 (Priority Non-Tax Claims), Class 2 (Secured Claims), Class 3 (DNB Guaranty Claims), Class 4 (RBS Guaranty Claims), Class 6 (General Unsecured Claims), and Class 7 (Intercompany Claims) are unimpaired and, accordingly, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to accept the Proposed Plan and are not entitled to vote on account of

3

such Claims.  Holders of Class 9 (Subordinated Securities Claims) are not entitled to receive a distribution under the Proposed Plan on account of their Interests and, therefore, are deemed to reject pursuant to section 1126(g) of the Bankruptcy Code and are not entitled to vote on account of such Claims.  In addition, holders of Class 8 (Interests) are deemed to reject and are not entitled to vote on account of such Interests.

### Notices of Non-Voting Status

G.      The Notices of Non-Voting Status, substantially in the forms attached hereto as **Exhibit 3** and **Exhibit 4**, comply with the Bankruptcy Code, applicable Bankruptcy Rules, and applicable Local Rules and, together with the Confirmation Hearing Notice, provide adequate notice to Non-Voting Creditors and Interest Holders of their non-voting status.  No further notice is necessary.

### Solicitation

H.      The proposed distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and Local Rule 9006-1 and constitute sufficient notice to all interested parties of the Record Date, Voting Deadline, Plan Objection Deadline, Confirmation Hearing, and other related matters.

I.      The period proposed by the Debtor in the Motion during which the Debtor may solicit votes to accept or reject the Proposed Plan is a reasonable and sufficient period of time for the Voting Class to make an informed decision regarding whether to accept or reject the Proposed Plan and timely return Ballots evidencing such decision.

### Notice of Confirmation Hearing and Plan Objection Deadline

J.      The procedures set forth in the Motion regarding notice to all parties of the time, date, and place of the hearing to consider confirmation of the Proposed Plan (the "**Confirmation Hearing**") and for filing objections or responses to the Proposed Plan, provide

due, proper, and adequate notice, comport with due process, and comply with Bankruptcy Rules 2002 and 3017 and Local Rule 9006-1.  No further notice is required.

        K.     All other notices to be provided pursuant to the procedures set forth in the Motion are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing.  No further notice is required.

        L.     The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

**IT IS HEREBY ORDERED THAT:**

        1.     The Motion is **GRANTED** as set forth herein.

**Disclosure Statement**

        2.     The Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code and is **APPROVED**.

        3.     All objections, if any, to the Disclosure Statement or Disclosure Statement procedures that have not been withdrawn or resolved as provided for in the record of the Hearing are **OVERRULED**.

        4.     The form and manner of the notice of the hearing on the Disclosure Statement comply with all applicable Bankruptcy Rules and Local Rules.

        5.     The Disclosure Statement (including all applicable exhibits thereto) provides sufficient notice of the injunction, exculpation, and release provisions contained in sections 10.6, 10.7, and 10.8 of the Proposed Plan, in accordance with Bankruptcy Rule 3016(c).

**Solicitation and Voting Procedures**

*Temporary Allowance / Disallowance of Claims*

6.      With respect to Claims in Class 5, solely for voting purposes, the Claims of directly registered and Beneficial Holders shall be established through the indenture trustee or applicable Nominees, as the case may be, in the amount of the applicable positions held as of the Voting Record Date, by (i) such directly registered holder as evidenced by records of the indenture trustee or (ii) the applicable Nominees in Class 5 as evidenced by the securities position report from The Depository Trust Company ("**DTC**").  To the extent that there are any directly registered holders of Claims in Class 5 other than Cede & Co. (the nominee name for DTC), the indenture trustee must provide a register of such holders in electronic Microsoft Excel format to the Debtor no later than one (1) business day following the Voting Record Date.

7.      **Friday, July 21, 2017** at 4:00 p.m. prevailing Eastern Time (the "**Rule 3018(a) Motion Deadline**") shall be the deadline for the filing and serving of any motion requesting temporary allowance of a Claim for purposes of voting pursuant to Bankruptcy Rules 3018(a) (the "**Rule 3018(a) Motion(s)**").  Rule 3018(a) Motions must be filed with the Court and served on the Notice Parties so as to be <u>actually received</u> not later than the Rule 3018(a) Motion Deadline.

8.      Upon the filing of any such motion, such creditor's Ballot shall be counted in accordance with the above designated guidelines, unless temporarily Allowed in a different amount by an order of the Court entered prior to or concurrent with entry of an order confirming the Plan.

9.      Nothing in this Order shall affect or limit any party's rights to object to any Proof of Claim or Rule 3018 Motion.

6

10. Each creditor that votes to accept or reject the Proposed Plan is deemed to have voted the full amount of its Claim therefor.

### *The Voting Record Date*

11. The Voting Record Date shall be set as **Monday, June 26, 2017**. Only holders of Claims as of the Voting Record Date shall be entitled to vote to accept or reject the Proposed Plan.

12. The record holders of Claims shall be determined, as of the Voting Record Date, based upon the records of the Debtor and Prime Clerk. Accordingly, any notice of claim transfer received by the record holder of the Debtor's debt securities, the Debtor, Prime Clerk, or other similarly situated registrar after the Voting Record Date shall not be recognized for purposes of voting or receipt of the Proposed Plan confirmation materials.

13. With respect to transfers of Claims filed pursuant to Bankruptcy Rule 3001(e), the transferee shall be entitled to receive a Solicitation Package and, if the holder of such Claim is entitled to vote with respect to the Proposed Plan, cast a Ballot on account of such Claim only if: (a) all actions necessary to transfer such Claim are completed by the Voting Record Date or (b) the transferee files by the Voting Record Date (i) all documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer. In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Proposed Plan made by the holder of such Claim as of the Voting Record Date.

### *Solicitation Packages*

14. The Solicitation Packages are **APPROVED**.

15.     The Debtor shall mail the Solicitation Packages[3] no later than **four (4)**
**business days following the date of entry of the Disclosure Statement Order** (the
"**Solicitation Date**") to the U.S. Trustee and holders of Claims in the Voting Class entitled to
vote on the Proposed Plan as of the Voting Record Date, as required by Bankruptcy Rule
3017(d).

16.     Solicitation Packages shall contain a copy of:

    a.     this Order (without attachments);

    b.     the Confirmation Hearing Notice;

    c.     a Ballot; and

    d.     a USB flash drive containing the Disclosure Statement, which shall
        include the Proposed Plan as an attachment.

17.     Any creditor may request an additional copy of the Disclosure Statement
(and attachments) in electronic format on a USB flash drive or paper format by telephone or by
written request.  Upon receipt of a telephonic or written request, the Debtor will provide such
creditor with a paper copy of the Proposed Plan and the Disclosure Statement at no cost to the
creditor within five (5) days thereafter.

18.     The Debtor shall not be required to send Solicitation Packages to creditors
that have Claims that have already been paid in full; *provided, however*, that if any such creditor
would be entitled to receive a Solicitation Package for any other reason, then the Debtor shall
send such creditor a Solicitation Package in accordance with the procedures set forth herein.

---

[3] As detailed in Section XV of the Disclosure Statement, in addition to distributing the Solicitation Packages and the
Rights Offerings materials, the Debtor will send holders of Allowed Unsecured Notes Claims (i) a form entitled
"Instructions for Delivery of Unsecured Notes to Receive Distributions under the Chapter 11 Plan of Reorganization
of GulfMark Offshore, Inc." (the "**Delivery Form**") and (ii) an Affidavit of United States Citizenship ("**U.S.
Citizenship Affidavit**").  The Delivery Form provides instructions to holders of Allowed Unsecured Notes Claims
to (i) complete and return the U.S. Citizenship Affidavit (unless they are not a U.S. Citizen or they have previously
submitted a U.S. Citizenship Affidavit in connection with the 1145 Rights Offering and/or 4(a)(2) Rights Offering)
and (ii) for those that are U.S. Citizens, to electronically deliver their Unsecured Notes via the Automated Tender
Offer Program at the Depository Trust Company on or before August 3, 2017.

19.     With respect to addresses from which Solicitation Packages are returned as undeliverable by the United States Postal Service, the Debtor is excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Proposed Plan to those entities listed at such addresses unless the Debtor is provided with accurate addresses for such entities before the Voting Deadline, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Proposed Plan to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017.

### Notices of Non-Voting Status

20.     The Notices of Non-Voting Status are approved.

21.     The Debtor shall send the applicable Notice of Non-Voting Status, substantially in the forms attached hereto as **Exhibit 3** and **Exhibit 4**, to the holders of Claims or Interests in Non-Voting Classes.

22.     The Debtor shall not be required to provide the holders of Class 7 (Intercompany Claims) with a Notice of Non-Voting Status or any other type of notice in connection with solicitation of the Proposed Plan.

### Ballots

23.     The Ballots are **APPROVED**.

24.     The Voting Deadline shall be **Wednesday, July 26, 2017 at 5:00 p.m.** (prevailing Eastern Time).

25.     All Ballots must be properly executed, completed, and delivered to Prime Clerk by first-class mail, overnight courier, or hand delivery so that they are **actually received** by Prime Clerk no later than the Voting Deadline.  In addition to accepting hard copy Ballots via

first class mail, overnight courier, and hand delivery, the Debtor is authorized to accept Master

Ballots from Nominees (as defined below) via electronic mail to

gulfmarkballots@primeclerk.com.

26.    With respect to Ballots that will be sent to certain holders of Claims

entitled to vote on the Proposed Plan in Class 5 (Unsecured Notes Claims), the Debtor shall

deliver Ballots to record holders of such Claims, including, without limitation, representatives

such as brokers, banks, commercial banks, trust companies, dealers, or other agents or nominees

(collectively, the "**Nominees**"). Once the Voting Record Date has passed, the Debtor will cause

to be distributed, to each Nominee, reasonably sufficient numbers of Solicitation Packages,

including sufficient Beneficial Ballots (the "**Beneficial Ballots**"), to distribute via first class mail

to the beneficial holders of the Claims as of the Voting Record Date for whom such Nominee

acts (collectively, the "**Beneficial Holders**").  The Debtor will also cause a Master Ballot (as

hereinafter defined) to be distributed to each Nominee for use in tabulating votes cast on

Beneficial Ballots submitted to such Nominee (as described more fully below).

27.    Such Nominees shall, upon receipt of the Solicitation Packages, promptly

distribute such Solicitation Packages to Beneficial Holders (including Beneficial Ballots) using

one of the following two methods (to be selected by the Nominee) within five (5) business days

of receipt of the Solicitation Packages:

a)    **Pre-Validated Ballots**:  The Nominee may "pre-validate" a
Beneficial Ballot by (i) signing the Beneficial Ballot and indicating
on the Beneficial Ballot the name of the Nominee and DTC
Participant Number, (ii) the amount and the account number of the
Unsecured Notes Claims held by the Nominee for the Beneficial
Holder, and (iii) forwarding such Beneficial Ballot, together with
the Disclosure Statement, a pre-addressed, postage-paid return
envelope addressed to, and provided by, Prime Clerk, and other
materials requested to be forwarded, to the Beneficial Holder for
voting.  The Beneficial Holder must then complete the information

requested in Items 2 through 6 of the Beneficial Ballot, and return the Beneficial Ballot directly to Prime Clerk in the pre-addressed, postage-paid return envelope so that it is RECEIVED by Prime Clerk on or before the Voting Deadline. A list of the Beneficial Holders to whom "pre-validated" Beneficial Ballots were delivered should be maintained by Nominees for inspection for at least one (1) year from the Voting Deadline.

b)   **Master Ballots**: If the Nominee elects not to pre-validate Beneficial Ballots, the Nominee may obtain the votes of Beneficial Holders by forwarding to the Beneficial Holders the unsigned Beneficial Ballots, together with the Disclosure Statement, a pre-addressed, postage-paid return envelope provided by, and addressed to, the Nominee, and other materials requested to be forwarded. Each such Beneficial Holder must then indicate his, her, or its vote on the Beneficial Ballot, complete the information requested on the Beneficial Ballot, review the certifications contained on the Beneficial Ballot, execute the Beneficial Ballot, and return the Beneficial Ballot to the Nominee. After collecting the Beneficial Ballots, the Nominee should, in turn, complete a master ballot (the "**Master Ballot**") compiling the votes and other information from the Beneficial Ballots, execute the Master Ballot, and deliver the Master Ballot to Prime Clerk so that it is RECEIVED by Prime Clerk on or before the Voting Deadline. All Beneficial Ballots returned by Beneficial Holders should either be forwarded to Prime Clerk (along with the Master Ballot) or retained by Nominees for inspection for at least one (1) year from the Voting Deadline. EACH NOMINEE SHOULD ADVISE ITS BENEFICIAL HOLDERS TO RETURN THEIR BENEFICIAL BALLOTS TO THE NOMINEE BY A DATE CALCULATED BY THE NOMINEE TO ALLOW IT TO PREPARE AND RETURN THE MASTER BALLOT TO PRIME CLERK SO THAT IT IS RECEIVED BY PRIME CLERK ON OR BEFORE THE VOTING DEADLINE.[4]

### Tabulation Procedures

28.   The following tabulation procedures are approved.

(a)   Whenever a creditor casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last valid Ballot received

---

[4] Notwithstanding the foregoing, Nominees are authorized to transmit Solicitation Packages and collect votes to accept or to reject the Plan from Beneficial holders in accordance with their customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

on or before the Voting Deadline shall be deemed to reflect such creditor's intent, and thus, to supersede any prior Ballot.

(b)     Whenever a creditor casts a Ballot that is properly completed, executed, and timely returned to Prime Clerk, but does not indicate either an acceptance or rejection of the Proposed Plan, the Ballot will not be counted.

(c)     Whenever a creditor casts a Ballot that is properly completed, executed, and timely returned to Prime Clerk, but indicates both an acceptance and a rejection of the Proposed Plan, the Ballot will not be counted.

(d)     A creditor shall be deemed to have voted the full amount of its Claim in each class and shall not be entitled to split its vote within a particular class.  Any creditor's Ballot that partially accepts and partially rejects the Proposed Plan will not be counted.

(e)     Whenever a creditor casts Ballots received by Prime Clerk on the same day, but which are voted inconsistently, such Ballots will not be counted.

(f)     The following Ballots shall not be counted:

    i.     Any Ballot received after the Voting Deadline, unless the Debtor shall have granted an extension of the Voting Deadline in writing with respect to such Ballot;

    ii.    Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

    iii.   Any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Proposed Plan;

    iv.    Any Ballot cast by a person who is not entitled to vote, even if such individual holds a Claim in a Voting Class;

    v.     Any unsigned Ballot;

    vi.    Any Ballot which the Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

    vii.   Any Ballot transmitted to Prime Clerk by means not specifically approved herein.

RLF1 17753919v.1

29.    In addition to the foregoing generally applicable voting and ballot tabulation procedures, the following procedures shall apply to holders of Unsecured Note Claims in Class 5 who hold their position through a Nominee:

(a)    if a Beneficial Holder holds Class 5 Unsecured Notes through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Beneficial Holder Ballot and each such Beneficial Holder should execute a separate Beneficial Ballot for each block of Class 5 Unsecured Notes that it holds through any Nominee and must return each such Beneficial Ballot to the appropriate Nominee;

(b)    votes cast by Beneficial Holders through Nominees will be applied to the applicable positions held by such Nominees in Class 5, as of the Voting Record Date, as evidenced by the applicable securities position report(s) obtained from DTC. Votes submitted by a Nominee pursuant to a Master Ballot will not be counted in excess of the amount of such Claims held by such Nominee as of the Voting Record Date;

(c)    if conflicting votes or "over-votes" are submitted by a Nominee pursuant to a Master Ballot, the Debtor will use reasonable efforts to reconcile discrepancies with the Nominees. If over-votes on a Master Ballot are not reconciled prior to the preparation of the Voting Certification, the Debtor shall apply the votes to accept and to reject the Proposed Plan in the same proportion as the votes to accept and to reject the Proposed Plan submitted on the Master Ballot that contained the over-vote, but only to the extent of the Nominee's position in Class 5;

(d)    for purposes of tabulating votes, each Nominee or Beneficial Holder will be deemed to have voted the principal amount of its Claims in Class 5, although any principal amounts may be adjusted by Prime Clerk to reflect the amount of the Claim actually voted, including prepetition interest;

(e)    a single Nominee may complete and deliver to Prime Clerk multiple Master Ballots. Votes reflected on multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the latest received valid Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior received Master Ballot. Likewise, if a Beneficial Holder submits more than one Beneficial Holder Ballot to its Nominee, (i) the latest received

13

Beneficial Holder Ballot received before the submission deadline imposed by the Nominee shall be deemed to supersede any prior Beneficial Ballot submitted by the Beneficial Holder, and (ii) the Nominee shall complete the Master Ballot accordingly; and

(f)    the Debtor will, upon written request, reimburse Nominees for customary mailing and handling expenses incurred by them in forwarding the Solicitation Package and Beneficial Ballot to the Beneficial Holders for which they are the Nominee. No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes from Beneficial Holders with respect to the Proposed Plan.

30.    To assist in the solicitation process, Prime Clerk may contact parties that submit incomplete or otherwise deficient ballots to make a reasonable effort to cure such deficiencies; *provided*, *however*, that Prime Clerk is not obligated to do so.

### The Confirmation Hearing

31.    The Confirmation Hearing shall be held on **Tuesday, August 1, 2017 at 1:00 p.m. (Prevailing Eastern Time)**; *provided*, *however*, that the Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtor without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtor with the Court.

### Objection Procedures

32.    The Debtor is authorized to file and serve a supplement to the Proposed Plan on or before **Wednesday, July 19, 2017**.

33.    The deadline to object or respond to confirmation of the Proposed Plan shall be **Wednesday, July 26 at 5:00 p.m. (prevailing Eastern Time)**.

34.    Objections and responses, if any, to confirmation of the Proposed Plan, must: (a) be in writing, (b) conform to the Bankruptcy Rules and the Local Rules, (c) set forth the name of the objecting party, the nature and amount of Claims or Interests held or asserted by

14

the objecting party against the Debtor's estate or property, and (d) set forth the basis for the objection and the specific grounds therefor.

35.     Registered users of this Court's case filing system must electronically file their objections and responses.  All other parties in interest must file their objections and responses in writing with the United States Bankruptcy Court Clerk's Office, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

36.     Pursuant to Bankruptcy Rule 3017, any objection or response also must be served upon and received by the following parties:

| | |
|---|---|
| ***Debtor*** | ***Office of the U.S. Trustee*** |
| GulfMark Offshore, Inc. | Office of the U.S. Trustee for |
| 842 West Sam Houston Parkway North | the District of Delaware |
| Suite 400 | 844 King Street, |
| Houston, TX  77024 | Suite 2207, Lockbox 35 |
| Attn:  Cindy Muller, General Counsel & Corporate | Wilmington, Delaware 19801 |
| Secretary | Attn:  (Mark Kenney) |
| Telephone:  713-963-9522 | Telephone: 302-573-6491 |
| Email:  cindy.muller@gulfmark.com | Email:   mark.kenney@usdoj.gov |
| | |
| ***Counsel to the Debtor*** | ***Co-Counsel to the Debtor*** |
| Weil, Gotshal & Manges LLP | Richards, Layton & Finger, P.A. |
| 767 Fifth Avenue | One Rodney Square |
| New York, New York 10153 | 920 North King Street |
| Attn:   Gary T. Holtzer | Wilmington, Delaware 19801 |
|       Ronit J. Berkovich | Attn:    Mark D. Collins |
|       Debora A. Hoehne |       Zachary I. Shapiro |
| Telephone:  (212) 310-8000 | Telephone:  (302) 651-7700 |
| Email:  gary.holtzer@weil.com | Email:  collins@rlf.com |
|       ronit.berkovich@weil.com |       shapiro@rlf.com |
|       debora.hoehne@weil.com | |

**Counsel to the Ad Hoc Noteholder Group**

Milbank, Tweed, Hadley & McCloy LLP
28 Liberty Street
New York, NY  10005-1413
Attn:   Dennis Dunne and Evan Fleck
Telephone: 212-530-5000
Email:   efleck@milbank.com
            ddunne@milbank.com

**Co-Counsel to the Ad Hoc Noteholder Group**

Morris Nichols Arsht & Tunnell LLP
1201 N. Market St., #1800
Wilmington, DE  19801
Attn:     Gregory W. Werkheiser
            Robert J. Dehney
Telephone: 302-658-9200
Email:   gwerkheiser@mnat.com
            rdehney@mnat.com

**Counsel to the DNB**

Hughes Hubbard & Reed LLP,
One Battery Park Plaza
New York, NY  10004-1482
Attn:     Christopher K. Kiplok
            Anson B. Frelinghuysen
Telephone: 212-837-6000
Email:   chris.kiplok@hugheshubbard.com
            anson.frelinghuysen@hugheshubbard.com

**Co-Counsel to DNB**

Bayard, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Attn:     Erin R. Fay
Telephone: 302-655-5000
Email:   efay@bayardlaw.com

no later than the Plan Objection Deadline.  Pursuant to Bankruptcy Rule 3020(b), if no objection is timely filed, this Court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues.

37.     Objections to confirmation of the Proposed Plan that are not timely filed, served and actually received in the manner set forth above shall not be considered and shall be deemed overruled.

38.     The Debtor is authorized to file and serve replies or an omnibus reply to any such objections along with its brief in support of confirmation of the Proposed Plan (the "**Confirmation Brief**") either separately or by a single, consolidated reply, on or before **Monday, July 31 at 11:00 a.m. (prevailing Eastern Time)**.

### *Confirmation Hearing Notice*

39.     The Confirmation Hearing Notice substantially in the form attached hereto as **<u>Exhibit 1</u>** is **APPROVED**.

**General**

        40.     The Debtor is authorized to make non-substantive changes in accordance with the terms of the Restructuring Support Agreement, dated May 15, 2017, to which the Debtor is a party, to the Disclosure Statement, the Proposed Plan, the Ballots, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Proposed Plan, and any other materials in the Solicitation Packages prior to mailing.

        41.     The Debtor is authorized to take all steps necessary or appropriate to carry out this Order.

        42.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:     June 27   , 2017
       Wilmington, Delaware

                                   THE HONORABLE KEVIN GROSS
                                   UNITED STATES BANKRUPTCY JUDGE

RLF1 17753919v.1